NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                    Chapter 11

MARKETXT HOLDINGS CORP.,                                  Case No. 04-12078

                            Debtor.

------------------------------------------------------------x
ALAN NISSELSON, as Chapter 11 Trustee of
MarketXT Holdings Corp., and the Official
Committee of Unsecured Creditors,

                            Plaintiffs,

       - against -

EMPYREAN INVESTMENT FUND, L.P.,
EMPYREAN GENERAL PARTNER, LLC, ASH
MASTER FUND, II, LLC, ASH MASTER
FUND II, L.P., ASH FUND LP f/k/a EMPYREAN                 Adv. No. 05-01268 (ALG)
FUND, LP, ASH FUND II LP, ASH CAPITAL,
LLC f/k/a, ASH CAPITAL MANAGEMENT, ASH
GENERAL PARTNER, LLC, ASH OFFSHORE
FUND, LTD., ASH GENERAL PARTNER
OFFSHORE, LTD., RAUF ASHRAF, and JOHN
DOES 1 THROUGH 10,

                            Defendants.
------------------------------------------------------------x

## MEMORANDUM OF OPINION DENYING MOTION FOR RECONSIDERATION

A P P E A R A N C E S:

BRAUNER BARON ROSENZWEIG & KLEIN, LLP
Attorneys for Alan Nisselson, Chapter 11 Trustee, Plaintiff
    By: Howard L. Simon
61 Broadway, 18th Floor
New York, New York 10006

1

NOT FOR PUBLICATION

KAYE SCHOLER LLP
Attorneys for the Official Committee of Unsecured Creditors, Plaintiff
     By: Lester M. Kirshenbaum
        Margarita Y. Ginzburg
        Dina Rovner
425 Park Avenue
New York, New York 10022

DENNER ASSOCIATES, P.C.
Attorneys for Defendants
     By: Gary G. Pelletier
Four Longfellow Place, 35th Floor
Boston, MA 02114

J.L. SAFFER, P.C.
Attorneys for Defendants
     By: Jennifer L. Saffer
20 Vesey Street, 7th Floor
New York, New York 10007

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

The Defendants have moved for reconsideration of the Court's Memorandum Opinion dated January 10, 2006 holding the Defendants in contempt. The rule permitting reconsideration is "narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court." *Winkler v. Metropolitan Life Ins.*, 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004); *Griffin Indus., Inc.*, 72 F. Supp. 2d at 368; *In re Best Payphones, Inc.*, 2003 WL 1089525, at *2 (Bankr. S.D.N.Y. 2003). A motion for reconsideration is "limited to the record that was before the Court on the original motion." *Periera v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997) (internal citations omitted).

The Defendants first contend that there was no clear and unambiguous Court order to serve as a predicate for the contempt motion. This is an exact repetition of an argument previously asserted and does not justify a motion for reconsideration. *In re*

2

NOT FOR PUBLICATION

*Jamesway Corp.*, 203 B.R. 543, 546 (Bankr. S.D.N.Y. 1996). It does not "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.*, 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005), citing *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

      The Defendants further argue that a brief footnote on page 25 of the Court's Memorandum Opinion "contradicts fundamental precepts of income tax jurisprudence." (Defs. Mem. of Law in Supp. of Mot. for Recons. at 6.) The footnote is plainly not a material holding and essentially noted the lack of reality to the Defendants' position, a perception their latest motion does nothing to dispel. See *Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 254 (S.D.N.Y. 1997), quoting *Anglo-American Ins. Group, P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (movant must show "that the Court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision.'")

      Finally, the Defendants argue that the Court cannot enter a dispositive order but must refer the contempt motion to the District Court. The Defendants cite cases under a prior version of Bankruptcy Rule 9020. See *Stein and Day Inc. v. Coordinated Sys. and Servs. Corp.*, 83 B.R. 221 (Bankr. S.D.N.Y. 1988); *Omega Equip. Corp. v. John C. Louis Co., Inc. (In re Omega Equip. Corp.)*, 51 B.R. 569 (D.D.C. 1985); *In re Kalpana Elecs., Inc.*, 58 B.R. 326 (Bankr. E.D.N.Y. 1986). It is well accepted, in light of the 2001 amendments to Rule 9020, that bankruptcy courts have power to enter civil contempt orders. See 10 Collier on Bankruptcy ¶ 9020.01-9020.02 (15th ed. rev. 2005); *Egbarin v. Connecticut Diagnostics, LLC*, 286 B.R. 45, 47 (Bankr. D. Conn. 2002); see also *Bartel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 171 B.R. 18, 21 (S.D.N.Y. 1994), decided prior

NOT FOR PUBLICATION

to the 2001 amendments to Rule 9020 and which found that "[t]o the extent [appellant] is suggesting that a bankruptcy court lacks the power to impose penalties for civil contempt, he is bucking a strong tide of authority flowing against him." The Defendants' last argument, therefore, is not a basis for reconsideration.

    The motion is denied.

Dated:  New York, New York
         January 27, 2006

                              */s/ Allan L. Gropper*
                              UNITED STATES BANKRUPTCY JUDGE