| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

---------------------------------------------------------------x
In re:                                              Chapter 11

MARKETXT HOLDINGS CORP.,                            Case No. 04-12078 (ALG)

                              Debtor.

---------------------------------------------------------------x
ALAN NISSELSON, as Chapter 11 Trustee of
MarketXT Holdings Corp., and the Official
Committee of Unsecured Creditors,

                              Plaintiffs,

       - against -

EMPYREAN INVESTMENT FUND, L.P.,
EMPYREAN GENERAL PARTNER, LLC, ASH
MASTER FUND, II, LLC, ASH MASTER
FUND II, L.P., ASH FUND LP f/k/a EMPYREAN      Adv. No. 05-01268 (ALG)
FUND, LP, ASH FUND II LP, ASH CAPITAL,
LLC f/k/a, ASH CAPITAL MANAGEMENT, ASH
GENERAL PARTNER, LLC, ASH OFFSHORE
FUND, LTD., ASH GENERAL PARTNER
OFFSHORE, LTD., RAUF ASHRAF, and JOHN
DOES 1 THROUGH 10,

                              Defendants.
---------------------------------------------------------------x

**MEMORANDUM OF OPINION AND ORDER DENYING MOTION FOR RECUSAL**

A P P E A R A N C E S:

BRAUNER BARON ROSENZWEIG & KLEIN, LLP
Attorneys for Alan Nisselson, Chapter 11 Trustee, Plaintiff
    By: Howard L. Simon
61 Broadway, 18th Floor
New York, New York 10006

1

KAYE SCHOLER LLP
Attorneys for the Official Committee of Unsecured Creditors, Plaintiff
    By: Lester M. Kirshenbaum
        Margarita Y. Ginzburg
        Dina Rovner
425 Park Avenue
New York, New York 10022

DENNER ASSOCIATES, P.C.
    By: Gary G. Pelletier
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114

    - and -

J.L. SAFFER, P.C.
    By: Jennifer L. Saffer
20 Vesey Street, 7th Floor
New York, New York 10007

Attorneys for Defendants

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

    Before the Court is a motion by the above-captioned defendants (the "Defendants") for an order that this Court recuse itself from any further role in this adversary proceeding. The Defendants argue that the undersigned became a fact witness when he acquired "personal knowledge" of a disputed evidentiary fact concerning the proceeding. The Chapter 11 Trustee and the Official Committee of Unsecured Creditors (collectively, the "Trustee") contend that this motion is untimely, that the "personal knowledge" was obtained regularly in the course of the Court's judicial duties and is therefore not cause for recusal. For the reasons stated below, the motion is denied.

## BACKGROUND

    On July 11, 2005, Plaintiffs brought a motion (i) to hold Defendant Rauf Ashraf in contempt of court for violation of a Court order put on the record at a hearing on

2

March 18, 2005 (the "Order") and (ii) to require the Defendants to restore $6.7 million to funds that had been restrained pursuant to the Order. After numerous days of testimony and closing arguments, it was discovered that the Court reporter had apparently incorrectly transcribed the March 18th hearing record. On September 12, 2005, the Court reopened the record to hear the testimony of the Court reporter and to admit into evidence a tape recording of the March 18th hearing, the corrected transcript version of the March 18th hearing, as transcribed by the original Court reporter, and a third transcript version of the March 18th hearing offered by the Defendants. The parties subsequently filed post-trial briefs. On January 10, 2006, the Court issued a Memorandum of Opinion, familiarity with which is assumed (the "Opinion"), finding the Defendants in civil contempt and in breach of an agreed stipulation made in open court. The Opinion contained a footnote referring to the third version of the transcript (offered by the Defendants) and noting: "This version differs from the corrected version principally by changing the last word from 'amended' to 'made.' Having heard the recordings and spoken the words, the Court rejects this version." (Mem. of Opinion at 10 n.9.)

On January 20, 2006, the Defendants filed a motion for reconsideration. On January 27, 2006, the Court denied the motion for reconsideration and signed an order granting the contempt motion based on the Court's findings as stated in the Opinion. On February 8, 2006, the Defendants filed the motion for recusal at issue here, claiming that the Court engaged in "a serious breach of the Code of Judicial Conduct" in deciding the motion for contempt. (Def. Mot. for Judicial Recusal at 1.) On March 17, 2006, the Court heard oral argument on the motion.

3

**DISCUSSION**

28 U.S.C. § 455(b)(1) and Canon 3(C)(1)(a) of the Code of Judicial Conduct require, in pertinent part, that a judge disqualify himself "where he has ... personal knowledge of disputed evidentiary facts concerning the proceeding." A presiding judge considers disqualification in the first instance because that judge can best "appreciate the implications of those matters alleged in a recusal motion," and balance the need for "public confidence in the judiciary against the possibility that those questioning [his] impartiality might be seeking to avoid the adverse consequences of [his] presiding over their case." *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002), citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). A judge "is as much obliged not to recuse [himself] unnecessarily as [he] is obliged to recuse [himself] when necessary." *Id*. (inner quotations omitted).

The standard for recusal "is an objective one, and asks whether a reasonable person knowing all of the facts would conclude that the judge's impartiality could reasonably be questioned." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447 (2d Cir. 2005); *Painewebber Inc. v. Nwogugu*, 1998 WL 912062, at *2 (S.D.N.Y. 1998). A recusal motion "must include a factual foundation to support the charge." *Painewebber Inc.*, 1998 WL 912062, at *2.

No reasonable person could conclude that this Court became a fact-witness or partial by virtue of the matters complained of by the Defendants. The ground for recusal involves factual findings regarding the transcript of the March 18th hearing, including a sentence found in a footnote of the Opinion, which states, "This version differs from the corrected version principally by changing the last word from

4

'amended' to 'made.' Having heard the recordings and spoken the words, the Court rejects this version." (Mem. of Opinion at 10 n.9.) The Opinion and footnote reflect judicial findings based on the Court's having heard the transcripts and having had its words transcribed, and the Court's own knowledge was referenced. Nevertheless, this does not mean the Court was required to recuse, as knowledge "gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)." *Omega Eng'g, Inc.*, 432 F.3d at 447-48.

In *Omega Engineering, Inc.*, it was argued that the magistrate judge should have recused himself from considering Omega Engineering's motion to enforce a settlement agreement on the ground that he had personal knowledge of disputed facts concerning the negotiation of the settlement. The magistrate judge held that recusal was unwarranted because "his knowledge of the case resulted solely from his judicial role." *Id*. at 443. In affirming, the Second Circuit stated that

> the magistrate judge's knowledge of the Settlement Agreement arose solely from his judicial duty to oversee the settlement conference. He was not involved in the actual negotiations, but simply observed them and provided facilities to support the settlement. Since his knowledge was not extrajudicial, it was not an abuse of his discretion to decline to recuse himself.

*Id*. at 448.

As in *Omega Engineering, Inc.*, the Court's knowledge here was not extrajudicial, but rather, gained from the Court's discharge of its judicial function. It is well-settled law that determining "the weight and credibility of the evidence is the special province of the trier of fact." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 856 (1982). This holds true "even when the district court's findings do not rest on credibility determinations, but are based on physical or documentary evidence or

5

inferences from other facts." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 565 (1985). These principles remain relevant even though the Court made a determination because it had "heard the recordings" and "spoken the words." On the contrary, "any opinions based on facts introduced or events occurring in the course of the current proceedings, do not constitute grounds for recusal." *In re Criminal Contempt Proceedings Against Crawford*, 133 F.Supp.2d 249, 264 (W.D.N.Y. 2001) (discussed in the context of § 455(a)).

In the instant case, all three transcripts were introduced at trial, all parties had the opportunity to question the Court reporter, and all parties heard the audio recording in court. The Court, therefore, could and did base its conclusions on proceedings held on the record. Moreover, any appellate court would be able to review the record in its entirety, including the audio recording. The availability of transcripts, recordings and a full record for appeal makes Defendants' reliance on *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d 107 (5th Cir. 1974), misplaced. In *Columbia Broadcasting System*, the Fifth Circuit, reversing a criminal contempt conviction, held that a district judge should have disqualified himself before issuing a criminal contempt citation for violation of two court orders. The court orders at issue were delivered orally in the judge's chambers with no court reporter present. Since the original orders were verbal only, "it was necessary to prove their content at the contempt trial by the testimony of those individuals who had witnessed the conversation between the judge and the [defendants]." 497 F.2d at 108. Under these unusual circumstances, the Court held that the judge became a necessary witness. In *Omega Engineering*, by contrast,

6

the Court found that the magistrate judge's knowledge was not such as to require recusal.

Defendants also rely on *Kennedy v. Great Atlantic & Pacific Tea Co.*, 551 F.2d 593 (5th Cir. 1977). There, the presiding judge's law clerk, who had been in court during the first trial of a slip and fall litigation, decided to visit, with his date, the site of the accident prior to a second trial. The law clerk and his date then testified at the trial that they had seen a puddle of water on the floor near the place where the plaintiff had fallen. The Fifth Circuit held that the potential for prejudice to the defendants' case from such testimony by the judge's law clerk was "too great for us to conclude that the trial court's overruling of the defendants' motion to prohibit the testimony of [the law clerk and his date] or, in the alternative, to disqualify himself from continuing in the trial was harmless error." 551 F.2d at 598-99. The Court also noted that it was the law clerk's "duty as much as that of the trial judge to avoid any contacts outside the record that might affect the outcome of the litigation." *Id*. at 596. In this case, the March 18th order was issued in open court in the presence of a Court reporter and was recorded as well as transcribed. Further, the Court did not come into "contact" with anything outside of the record in deciding the contempt motion, basing its holding solely on judicial proceedings.

In addition to failure of the motion to meet the standards justifying recusal, the motion is untimely. Section 455 does not specify a time limit for a recusal motion but courts have implied a timeliness provision. *United States v. Brinkworth*, 68 F.3d 633 (2d Cir. 1995); *Apple v. Jewish Hosp. And Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987); *United States v. Daley*, 564 F.2d 645, 651 (2d Cir. 1977), *cert. denied*, 435 U.S. 933

7

(1978). Recusal motions should be made "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Gil Enters., Inc. v. Delvy*, 79 F.3d 241, 247 (2d Cir. 1996), citing *Apple v. Jewish Hosp. And Med. Ctr.*, 829 F.2d at 333 (2d Cir. 1987). In the context of ongoing litigation, a prompt application affords the judge "an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take," and "avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." *In re Int'l Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995). A court considers the following factors when assessing the timeliness of a recusal motion: (i) whether the movant has participated in a substantial manner in trial or pre-trial proceedings; (ii) whether granting the motion would represent a waste of judicial resources; (iii) whether the motion was made after the entry of judgment; and (iv) whether the movant can demonstrate good cause for delay. *Apple*, 829 F.2d at 334 (internal citation omitted); *Painewebber Inc.*, 1998 WL 912062, at *2.

Applying these factors to this case, a "motion for recusal made after the judgment is entered is presumptively untimely." *Painewebber Inc.*, 1998 WL 912062, at *2; see also *Omega Eng'g, Inc.*, 432 F.3d at 448; *Apple*, 829 F.2d at 334; *United States v. Studley*, 783 F.2d 934 (9th Cir. 1986); *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970). The Court in this case issued an Opinion on January 10, 2006, finding the Defendants in contempt, and signed an order to that effect on January 27, 2006. The Court at that time also denied the Defendants' motion for reconsideration. It was only after losing the motion for reconsideration that the

8

Defendants filed the motion for recusal on February 8, 2006, just two days shy of one month since the Opinion had been issued and many months since the Court had reopened the record on September 12, 2005 to hear the tape of the March 18th record and admit the second and third versions of the March 18th transcript, the third being admitted at the Defendants' request.

The Defendants have not demonstrated good cause for the delay sufficient to overcome the presumption of untimeliness. In fact, the Defendants do not provide *any* reason for the delay. See *Apple*, 829 F.2d at 334. The application was raised well after the "earliest possible moment." Moreover, granting the motion would represent a waste of judicial resources because the Defendants are requesting the Court to recuse itself from the entire adversary proceeding, and not merely the contempt proceedings, in which a judgment has been entered. See *Painewebber Inc.*, 1998 WL 912062, at *2, where the court found that granting the motion, at a stage where all the issues had been litigated and the judgment entered, would have been a waste of judicial resources. To grant the motion and vacate the judgment would require a new judge to become familiar with a case that has been underway for over a year and would likely result in substantial delays. See *Brinkworth*, 68 F.3d at 639.

## CONCLUSION

For the reasons set forth above, the motion for recusal is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
       March 23, 2006

                                    */s/ Allan L. Gropper*
                                    UNITED STATES BANKRUPTCY JUDGE

9